## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL HEYDEMAN : 
916 Greenbriar Lane :
Springfield, PA 19064 :
: CIVIL ACTION
Plaintiff, :
v. : No.:
:
SR METALS INC. d/b/a DELAWARE :
VALLEY STEEL :
2249 Manor Avenue : **JURY TRIAL DEMANDED**
Upper Darby, PA 19082 :
:
Defendant. :
:

## CIVIL ACTION COMPLAINT

Plaintiff, Michael Heydeman (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by SR Metals Inc. d/b/a Delaware Valley Steel (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*), the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 et seq.), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff was unlawfully terminated by Defendant, and he suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.     This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.     Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").  Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and the PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## **PARTIES**

6.     The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7.     Plaintiff is an adult who resides at the above-captioned address.

8.     SR Metals, Inc. d/b/a Delaware Valley Steel is a steel plate supplier, with a location as set forth in the above caption.

9.    At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.    Plaintiff is a 59-year-old man.

12.    Plaintiff was employed by Defendant for ***approximately 39 years***, from on or about September 2, 1986, until his unlawful termination (discussed further *infra*) on or about August 25, 2025.

13.    Plaintiff was initially hired as a Warehouseman; however, at the time of his termination, Plaintiff held the position of A-Bay Foreman.

14.    Plaintiff was primarily supervised by prior Vice President, Bill Leahy (age early 40s, hereinafter "Leahy"), who became President during Plaintiff's last approximate year of employment (wherein Leahy was responsible for all operations and budgeting).

15.    Plaintiff also reported to workplace foremen (lower-level supervisory staff).

16.    During his employment with Defendant, Plaintiff had been a very hard worker, extremely skilled, versatile in Defendant's business operations, and overall very good at his job, as borne out by his extremely long tenure with Defendant.

17.    However, during Plaintiff's last approximate year of employment with Defendant, Leahy asked Plaintiff no fewer than 9-10 times when he planned to retire.[2]

---

[2] It is well recognized that any suggestion an employee "retire" constitutes objective evidence of age discrimination. *See, e.g.*, *Sesso v. Mercy Suburban Hosp.*, No. 11-5718, 2013 U.S. Dist. LEXIS 34401, at *12 (E.D. Pa. Mar. 13, 2013) (explaining any suggestion that any employee retire is evidence of discriminatory animus based on age and holding such statements are sufficient if credited by a jury to find a termination based upon age discrimination). Where

18.     In conjunction with asking when Plaintiff planned to retire, Leahy would say "your pay is high," "you are getting older," and "I need to plan for the future" (and various iterations of these comments), while continuing to press Plaintiff for his "retirement plan."

19.     Plaintiff objected to what he believed to be offensive age-based discriminatory comments by Leahy by stating that he planned to work for several more years and by demonstrating with body language and tone that he was frustrated with the line of questioning.

20.     Additionally, in part because of his advanced age, Plaintiff has and continues to suffer from ADA-qualifying disabilities, including but not limited to degenerative shoulder issues (and associated complications/conditions).

21.     As a result of his aforesaid health conditions, Plaintiff suffers from pain, joint stiffness, and mobility issues, which (at times) interferes with his ability to perform some daily life activities, such as lifting, reaching, and working (among other daily life activities).

22.     Despite Plaintiff's aforesaid health conditions and limitations, he was able to perform his job duties well; however, he (at times) required some reasonable medical accommodations.

---

a plaintiff presents sufficient direct evidence, the Court need not consider whether that claim may proceed under a *McDonnell Douglas* theory. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) ("'[T]he *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination.'" (quoting *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985))). "[I]n *Gross v. FBL Financial Services, Inc.,* the Supreme Court further held that a plaintiff bringing an age discrimination claim "must prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the 'but-for' cause of the challenged employer decision." *Cellucci v. RBS Citizens, N.A.*, 987 F. Supp. 2d 578, 586 (E.D. Pa. 2013)(citation omitted). Direct evidence means evidence sufficient to allow the jury to find that "the 'decision makers placed substantial negative reliance on [the plaintiff's age] in reaching their decision'" to fire him. *Connors v. Chrysler Fin. Corp.,* 160 F.3d 971, 976 (3d Cir. 1998) (quoting *Price Waterhouse v. Hopkins,* 490 U.S. 228, 277 (1989) (O'Connor, J., concurring); *see also Anderson v. Consol. Rail Corp.,* 297 F.3d 242, 248 (3d Cir. 2002) (same). Such evidence "leads not only to a ready logical inference of bias, but also to a rational presumption that the person expressing bias acted on it" when he made the challenged employment decision. *Starceski v. Westinghouse Elec. Corp.,* 54 F.3d 1089, 1097 (3d Cir. 1995).

23. At all relevant times hereto, Defendant's management and employees were aware of the nature of Plaintiff's aforesaid health conditions, because Plaintiff at times needed help lifting, performing a task, or to take a short break due to pain (all reasonable accommodations under the ADA).

24. In fact, on at least 1 of the aforesaid occasions when Plaintiff's age and retirement was brought up, leading up to Plaintiff's termination, Leahy had even mentioned to Plaintiff a concern about how much longer Plaintiff's body could take this type of work – in clear reference to Plaintiff's shoulders and age.

25. Plaintiff objected to the aforementioned disability-based derogatory and discriminatory comments by Leahy, including informing Leahy that he was able to continue to perform his job duties for the foreseeable future.

26. However, on or about August 21, 2025, Plaintiff was physically assaulted by a coworker, Lead Foreman, Rich Kintsche (hereinafter "Kintsche"), from which Plaintiff suffered serious work-related injuries to his shoulder (including a torn rotator cuff).

27. As a result of the pain and discomfort Plaintiff was experiencing from his aforesaid work-related injuries/serious health conditions, on or about August 22, 2025, Plaintiff went to urgent care.

28. Plaintiff also inquired of Leahy directly via text "are there any forms to fill out for workman's comp," as Plaintiff needed to pursue worker's compensation relief.

29. As it was already known within the workplace that Plaintiff had disabilities associated with both of his shoulders, it was no surprise that the aforesaid assault by Kintsche seriously re-aggravated and exacerbated Plaintiff's shoulder problems.

30.     As a result of the aforementioned assault by Kintsche, *both* Plaintiff and Kintsche were suspended pending investigation, despite that Kintsche was the aggressor who attacked Plaintiff.

31.     Incredulously, however, Plaintiff was then abruptly terminated by letter dated August 28, 2025, signed by Leahy, while Kintsche was brought back to work from suspension.

32.     Defendant's termination letter could only be described *as throwing the proverbial kitchen sink at Plaintiff.* The termination letter for example(s) claimed: (a) Plaintiff engaged in "multiple and serious violations;" (b) Plaintiff refused to follow direct instructions from management; (c) Plaintiff created a "safety risk" in a confrontation with Kintsche on August 21, 2025; (d) Plaintiff had been insubordinate; and (e) Plaintiff failed to provide a statement during an investigation.

33.     Defendant's aforesaid purported reasons for Plaintiff's termination are ***completely false and pretextual*** because: (1)  Plaintiff should never have been suspended, as there is video footage that Plaintiff, his union, and Defendant possess of the exact assault (available and viewable at the time of the very assault and from different angles), which demonstrates that Plaintiff was not the aggressor; (2) Plaintiff was simply talking with his arms at his waist when he was physically assaulted and pushed very hard by Kintsche; (3) Plaintiff did not engage in any aggressive response after being assaulted, as he was completely surprised; however, to the contrary, after assaulting Plaintiff, Kintsche then sought to further injure him and got into a fighting pose; (4) at nearly 60 years old, Plaintiff was not going to engage in any physical altercation or do anything to encourage more violence against himself or risk exacerbating his serious health conditions; (5) any reference to Plaintiff somehow not being cooperative about giving a statement is nothing but further pretext in an otherwise bogus termination letter as no statement was needed when there are videos from

different angles that show exactly what transpired; (6) Plaintiff was actually more than willing to provide a statement and had only just wanted to talk with his union representative (which was standard when someone was being disciplined, suspended, or questioned by management about something they feigned had been improper); (7) Plaintiff was led to believe it was fine to talk with his union representative, but then he was never asked for the statement, brought back to work, or given any opportunity to respond to the defamatory allegations in his termination letter; and (8) despite being the aggressor, who actually assaulted Plaintiff (who had known physical disabilities), ***Kintsche was not terminated but rather retained over Plaintiff***.

34.    Instead, it is abundantly clear that Plaintiff's termination was nothing more than a pretextual opportunity to terminate Plaintiff based upon his age and disabilities, as Defendant was attempting to fill the workplace with younger, less and/or non-disabled, and cheaper labor.

35.    Moreover, Defendant's management refused to address Plaintiff's worker's compensation matter indicating an animosity towards Plaintiff's health conditions, the flareup of the same brought about by the aforesaid assault, and his need for treatment for the same.

36.    Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation, because of (1) his age; (2) his actual/perceived/record of health conditions; (3) his requests for reasonable accommodations (set forth *supra*); and (4) his objections to/complaints of discrimination and unfair treatment as a result of his age and disabilities.

37.    Plaintiff also believes and therefore avers that his age and his actual/perceived/record of health conditions were motivating and/or determinative factors in the termination of his employment with Defendant.

## COUNT I
## Violations of the Americans with Disabilities Act, as Amended ("ADA")
### ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Hostile Work Environment)

38.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.     Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

40.     Plaintiff kept Defendant's management informed of his serious medical conditions and need for medical treatment and other accommodations.

41.     Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant; however, Plaintiff did require some reasonable medical accommodations at times.

42.     Plaintiff requested reasonable accommodations from Defendant including but not limited to occasional help lifting and performing a task or short breaks as needed due to pain.

43.     Plaintiff was subjected to discrimination and a hostile work environment through disparate treatment and demeaning and/or derogatory comments because of his aforesaid health conditions and requested accommodations.

44.     Plaintiff objected to the aforesaid discrimination and/or hostile work environment directly to management leading up to his unlawful termination, but his concerns were not properly investigated or addressed.

45.     Instead, Plaintiff was abruptly terminated from his employment with Defendant, on or about August 28, 2025, in close proximity to requesting/utilizing reasonable medical accommodations (set forth *supra*) and/or objecting to unfair treatment or comments as a result of his health conditions, for completely false and pretextual reasons.

46.     Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation, because of (1) his actual/perceived/record of health conditions; (2) his requests for reasonable accommodations (set forth *supra*); and (3) his objections to/complaints of discrimination and unfair treatment as a result of the same.

47.     Plaintiff believes and therefore avers that his disabilities were motivating and/or determinative factors in the termination of his employment by Defendant.

48.     These actions as aforesaid constitute violations of the ADA.

### COUNT II
### Violation of the Age Discrimination in Employment Act ("ADEA")
### ([1] Age Discrimination; [2] Hostile Work Environment; and [3] Retaliation)

49.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50.     During his almost 40-year tenure with Defendant (including predecessor entities), Plaintiff had no history of significant discipline.

51.     Plaintiff was treated disparately with respect to policies and termination contrary to individuals substantially younger than him.

52.     Plaintiff objected to the aforementioned instances of derogatory age-related comments and disparate treatment by Defendant's management but his concerns were ignored, and Defendant's management continued to subject him to hostility, animosity, and disparate treatment because of his advanced age.

53.     Plaintiff was abruptly terminated on or about August 28, 2025, for completely pretextual reasons.

9

54. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation because of his age and his objections to/complaints of discrimination and unfair treatment as a result of the same.

55. Plaintiff believes and therefore also avers that his age was a motivating and/or determinative factor in the termination of his employment by Defendant.

56. These actions as aforesaid constitute unlawful age discrimination and retaliation under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (Attn. No. 91538)
8 Neshaminy Interplex, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated:   April 27, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Michael Heydeman | : | CIVIL ACTION |
| v. | : | |
| Sr Metals Inc. d/b/a Delaware Valley Steel | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (   )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    (   )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (   )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                    (   )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                    (   )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.           (x )

| 4/27/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                        Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?        Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):*_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

HEYDEMAN, MICHAEL

**(b)** County of Residence of First Listed Plaintiff    Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

SR METALS INC. D/B/A DELAWARE VALLEY STEEL

County of Residence of First Listed Defendant    Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); ADEA (29USC621)

Brief description of cause:
Violations of the ADA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE    4/27/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE